UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| VERONICA IACOBESCU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-561 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by plaintiff against the Social Security Administration in 54-A District Court, Ingham County, Michigan. Plaintiff's one-page complaint (docket # 1, Ex. B) is not a model of clarity, but it expresses her belief that she is entitled to "social security disability money" from the "spring of 2002 to summer 2004." On June 16, 2008, defendant removed the case to this court. The matter is now before the court on defendant's motion for dismissal of plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) on the ground that plaintiff's claim against defendant is barred by the defendant's sovereign immunity. (docket # 16). Upon review, I recommend that defendant's motion be granted and that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

**Applicable Standards**

"When a defendant moves to dismiss for lack of subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007); *see McGrady v. United States Postal Serv.*, No. 07-3947, 2008

WL 3836144, at * 2 (6th Cir. Aug. 14, 2008). The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under summary judgment standards. *See O'Bryan v. Holy See*, ___ F.3d ___, Nos. 07-5078/5163, slip op. at 8 (6th Cir. Nov. 24, 2008); *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). The difference is often significant, because under a factual challenge the district court is empowered to weigh the evidence, and no presumptions apply to the truth of plaintiff's allegations. *See Gentek Bldg Products, Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). Here, the record, as supplemented by defendant's affidavit, clearly shows a lack of subject-matter jurisdiction.

### Discussion

Defendant is entitled to dismissal of plaintiff's complaint on the basis of its factual attack under Rule 12(b)(1).

On August 23, 2004, plaintiff filed an application for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Earnest Baskerville Decl. ¶¶ 3(a), (b), docket # 17, Ex. 1). She began receiving DIB benefits in January 2005 and SSI benefits in February 2005. (*Id.*). Plaintiff did not seek further review. (*Id.* at ¶ 3(c)). She did not file a request for a hearing before an administrative law judge (ALJ), or request review by the Appeals Council. On February 28, 2008, plaintiff filed her complaint in Ingham County District Court. Apparently, plaintiff believes that the benefit award was in error because it should have been retroactive to 2002.

The court's jurisdiction under 42 U.S.C. § 405(g) is limited to reviewing a "final decision" of the Commissioner of Social Security. *See Califano v. Sanders*, 430 U.S. at 108. "The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain review of such decision by a civil action' in federal district court. 42 U.S.C. § 405(g). But the Act does not define 'final decision,' instead leaving it to the SSA [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000)(citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. . . . [I]f . . . the Council denies the request for review, the ALJ's decision becomes the final decision." *Sims*, 530 U.S. at 106-07. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. *See* [20 C.F.R.] § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims*, 530 U.S. at 107. Social security regulations state, "If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review." 20 C.F.R. §§ 404.900(b), 416.1400(b). Plaintiff was awarded benefits in 2005. If she believed that the award should have been retroactive to 2002, she was obliged to seek further administrative review of her claim. She did not do so. Thus, there is no "final decision" within the meaning of the Social Security Act, or in administrative-law parlance, judicial review is

unavailable because the plaintiff did not properly exhaust her administrative remedies.  The court lacks subject-matter jurisdiction to entertain plaintiff's claim.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion (docket # 16) be granted, and that this lawsuit be dismissed for lack of subject-matter jurisdiction.


Dated:   November 24, 2008              /s/  Joseph G. Scoville
                                        United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).